## AFFIDAVIT IN SUPPORT OF APPLICATION FOR CRIMINAL COMPLAINT

## INTRODUCTION

I, Kristen Brewer, being duly sworn, hereby depose and state:

1.     I am a Special Agent with Homeland Security Investigations (HSI), currently assigned to the Assistant Special Agent in Charge in Norfolk, Virginia.  I have been a Special Agent (SA) for HSI since May 2011. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7), that is, I am an officer of the United States, who is empowered by law to conduct investigations regarding violations of United States law, to execute warrants issued under the authority of the United States, and to make arrests of the offenses enumerated in 18 U.S.C. §§ 2251 et. seq. In the course of my duties, I am responsible for investigating crimes which include, but are not limited to, child exploitation investigations have included violations pertaining to the illegal production, transportation, distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252 and 2252A.  I have received training in the area of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media.  I have also participated in the execution of search warrants, which involved child exploitation and/or child pornography offenses.

2.     The information set forth in this affidavit is known to me as a result of an investigation personally conducted by me and other law enforcement agents. Thus, the statements in this affidavit are based in part on information provided to Special Agents ("SAs") and other

1

employees of the HSI, as well as other investigators employed by federal or state governments. I have participated in investigations involving persons who collect and distribute child pornography, and the importation and distribution of materials relating to the sexual exploitation of children. I have received training in the areas of child exploitation, and I have reviewed images and videos of child pornography in a wide variety of media forms, including computer media. I have also discussed and reviewed these materials with other law enforcement officers.

3.      In the course of my employment as a sworn law enforcement officer, I have participated in the execution of numerous search warrants resulting in the seizure of computers, magnetic storage media for computers, cellular devices, electronic media, and other items evidencing violations of state and federal laws.

4.      This affidavit supports an application for a criminal complaint charging JESSE ADAM ROBERTS with Title 18, United States Code, Section 2252A(a)(2), relating to material involving the sexual exploitation of minors.

## STATUTORY AUTHORITY

5.      This investigation concerns alleged violations of Title 18, United States Code, Section 2252A(a)(2), relating to material involving the sexual exploitation of minors.

6.      Title 18, United States Code, Section 2252A(a)(2) makes it a federal criminal offense to knowingly receive or distribute any child pornography or materials that contains child pornography that has been mailed or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

7.

2

## DEFINITIONS

8.    The terms "minor" and "sexually explicit conduct" are defined in Title 18, United States Code, §§ 2256(1) and (2).  The term "minor" is defined as "any person under the age of eighteen years." The term "sexually explicit conduct" means actual or simulated:

    a.    Sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;

    b.    Bestiality;

    c.    Masturbation;

    d.    Sadistic or masochistic abuse; or

    e.    Lascivious exhibition of the anus, genitals or pubic area of any person.

9.    The term "computer," as used herein, is defined pursuant to Title 18, United States Code, § 1030(e)(1), as "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device."

## FACTS AND CIRCUMSTANCES

10.    In June 2026, Homeland Security Investigations (HSI) Special Agent (SA) Kristen Brewer, your affiant, received information from Franklin City Police Department (FCPD) Detective (Det.) Corporal Peter S. Trimble regarding an on-going child exploitation investigation of subject Jesse Adam ROBERTS. ROBERTS is a previously convicted sex offender on U.S. Federal Probation, who at the time of the investigation resided in Newport News, Virginia.  The following information was provided by Det. Cpl. Trimble regarding the investigation.

3

11.    On March 30, 2026, Det. Cpl. Trimble's investigative computer established a single-source, direct connection with BitTorrent user using the Internet Protocol (IP) address 68.10.95.83 on Port 42591. This connection was isolated to download data associated with the info hash 585cda0b149ac31e07913582a61e96a2eb80cf80, which was previously flagged as being of interest to CSAM-related investigations. During this session, the investigative BitTorrent client was configured to receive file pieces exclusively from the target IP address. The suspect's device reported that it utilized the libtorrent/1.2.19.0 (-LT12J0-) client to make the content available to my investigative computer.

12.    Det. Cpl. Trimble's investigative computer successfully downloaded 11 files directly from the suspect's device. The file names were indicative of CSAM. Several of the files that were downloaded contained file names indicative of CSAM. Det. Cpl. Trimble, viewed files in the downloads and found that some met the statutory definition of child pornography, as outlined in Virginia Code § 18.2-374.

13.    Your affiant reviewed a sampling of the files and confirmed the following file depicted child pornography. Sections of one of the files containing child sexual abuse material is described below:

   a.  Filename: 12Yr Boy and 11Yr girl:  This is a video file approximately 11 minutes and 52 seconds in length. At approximately 02:33, a female child is seen nude orally copulating a male child seen nude sitting. At approximately 02:44, a female child is seen nude orally copulating a male child, the female child is seen with your legs open exposing her genitalia. The female child is seen touching her genitalia.

4

14.  According to the American Registry of Internet Numbers (ARIN), the IP address 68.10.95.83 belonged to a Cox Communications account that had an estimated geolocation of Hampton, Virginia. On March 31, 2026, Assistant Commonwealth's Attorney (ACA) John R. Peake of the Southampton County Commonwealth's Attorney's Office issued an administrative subpoena to Cox Communications. This administrative subpoena was served via the Kodex online law enforcement portal.

15.  On April 2, 2026, Det. Cpl. Trimble received a records response from Cox Communications with the following subscriber information:

    a.  Cox Communications records showed that on March 30, 2026, at 23:48 EDT, the IP address 68.10.95.83 was assigned to Jesse ROBERTS of ***70 Old Courthouse Way, Apartment 11 in Newport News, Virginia.

16.  On May 4, 2026, an investigative computer located at the Franklin City Police Department established a single-source, direct connection with a BitTorrent user with the Internet Protocol (IP) address 68.10.95.83 on Port 55625. This connection was isolated to download data associated with the info hash 41843847b947bd3114ad9f39cf4c2968fcdb2576, which was previously flagged as being of interest to child sexual abuse material (CSAM)-related investigations.

17.  During this session, the investigative BitTorrent client was configured to receive file pieces exclusively from the aforementioned IP address. The suspect's device reported that it utilized the libtorrent/2.0.11.0 (-LT20B0-) client to make the content available to the investigative computer. Several of the files that were downloaded contained file names indicative of CSAM.

Det. Cpl. Trimble viewed files in the downloads and found some met the statutory definition of child pornography, as outlined in Virginia Code § 18.2-374.

18.    Your affiant reviewed a sampling of the files and confirmed the following file depicted child pornography. A section of one of the files is described below:

  a.    Filename: 12: This is a video file approximately 3 minutes and 15 seconds in length. At approximately 01:43, a female is nude laying on her back and placing a male child, nude from the waist down, on her chest area while she orally copulates the child.

19.    On May 11, 2026, an investigative computer located at the Franklin City Police Department established a single-source, direct connection with a BitTorrent user with the Internet Protocol (IP) address 68.10.95.83 on Port 55625. This connection was isolated to download data associated with the info hash cbcbe160116a5afdbd91bef955199794a3d9be2d, which was previously flagged as being of interest to child sexual abuse material (CSAM)-related investigations. During this session, the investigative BitTorrent client was configured to receive file pieces exclusively from the aforementioned IP address. The suspect's device reported that it utilized the libtorrent/2.0.11.0 (-LT20B0-) client to make the content available to the investigative computer.

20.    The files were contained within a folder labeled as "PTHC STAR." Notably, PTHC is a common acronym for "preteen hardcore" - a keyword commonly associated with CSAM. Det. Cpl. Trimble viewed files in the downloads and found some met the statutory definition of child pornography, as outlined in Virginia Code § 18.2-374

6

21.  Your affiant reviewed a sampling of the files and confirmed that one or more of the files depicted child pornography, that met the statutory definition of child pornography, pursuant to federal law, specifically outline in 18 U.S.C. Section 2256.

22.  Det. Cpl. Trimble applied for and was granted a search warrant for the residence located at ***70 Old Courthouse Way, Apartment 11, Newport News, Virginia 23602. The search warrant was issued by the Office of the Magistrate for Virginia's Fifth Judicial District.

23.  On May 12, 2026, Newport News Police Department executed service of a residential search warrant at ***70 Old Courthouse Way, Apartment 11, Newport News, Virginia 23602. ROBERTS was located inside the apartment at the time of execution of the search warrant.

24.  On May 12, 2026, a post-Miranda rights interview was conducted with ROBERTS. The following is a non-verbatim summary of portions of the interview conducted by Det. Cpl. Trimble:

    a.  ROBERTS stated that he lived alone at ***70 Old Courthouse Way, Apartment 11, Newport News Virginia 23602. He stated that all the electronic devices at the residence belonged to him. He stated nobody else utilizes his electronic devices. ROBERTS confirmed Cox Communications is his internet service provider and that his Wi-Fi network is password protected.

    b.  ROBERTS was asked if he had used the libtorrent software. ROBERTS stated that he did not know what libtorrent was however he stated they he knew what the BitTorrent network was. ROBERTS stated that the last time he used the BitTorrent network was a few days.

7

c. ROBERTS was asked what BitTorrent client he used. ROBERTS stated that he believed that it was called Flud. ROBERTS indicated that the Flud program was on an Android tablet in his bedroom. ROBERTS stated he did not have BitTorrent on his computers.

d. ROBERTS was asked if he had ever downloaded pornographic or sexual material through BitTorrent. ROBERTS nodded his head up and down and stated, "Yes". ROBERTS was asked if that was within the past few months, which ROBERTS stated it was.

e. ROBERTS asked if it was regular adult pornography which ROBERTS stated it was and also stated there was probably unmarked stuff of people not of age. ROBERTS indicated that he possibly had material of people under the age of 18.

25. During the search of the residence, Det. Cpl. Trimble located a C5 Row tablet computer on top of the bed in the bedroom that ROBERTS described as belonging to him. Det. Cpl. Trimble brought the device out to the living room to show ROBERTS. ROBERTS confirmed that was the tablet that he previously referenced. The device was powered on. Det. Cpl. Trimble attempted to unlock the device utilizing the "2864" passcode provided by ROBERTS. That passcode did not work.

26. Det. Cpl. Trimble asked ROBERTS to confirm the passcode. ROBERTS stated that the passcode was actually "2865." Det. Cpl. Trimble was able to unlock the tablet using the "2865" passcode and manually previewed the contents of the tablet. Det. Cpl. Trimble found internet

8

history containing terms such as "Little girl torrent" (May 11, 2026), "11 Year Old Abby's Sex Life Gets Started" (May 9, 2026), "Pthc torrent" (May 4, 2026) and Tween torrent" (May 4, 2026).

27.    On May 12, 2026, approximately 25 devices were seized during the execution of the search warrant at ROBERTS residence.

28.    Det. Cpl. Trimble conducted a preliminary review of the devices seized at the time of the search warrant. Not all devices appeared to contain child sexual abuse material.

29.    In May 2026, devices containing child sexual abuse material were turned over to the Virginia State Police (VSP) High Technology Crimes Section for further forensic analysis.

30.    On May 12, 2026, during the execution of the search warrant, Item #25, a Samsung EVO Select 1-terabyte microSD card, was seized from ROBERTS' residence. This device was found to contain child pornography. Your affiant reviewed the files and confirmed that there were files that depicted child pornography. Two of the files are described below:

   a.  Filename: Tara 8yr – ass to mouth – February 6th 2007: When the video file begins playing, a blue screen background is seen with the writing, "Tara 8 years old "Ass to Mouth" …her daddy really treats her like a total fucking whore!" At approximately 00:06 you see an adult male nude, standing with his penis visible. You see a child, nude kneeling in front of the male's penis. The adult male is seen holding his penis until the erect penis is placed in the child's mouth. The video file appears to be longer but becomes digitized and you are unable to review the remainder of the file.

   b.  Filename: Jenny 9 yo 3 clips blows Dad: This video file is a total of approximately 9 minutes and 18 seconds where the child is seen in various

9

positions. When the video file begins playing, a child is seen nude from the waist down, laying with her legs spread exposing her genitalia, her legs are restrained by yellow roping. There is text seen at the beginning of the video file, "Jenny 9yo All Clips" At approximately 00:14, the child's vagina is being touched by another individual's finger. At approximately 00:17, you see an erect penis penetrating her mouth. Her hand is holding the erect penis. The child's hands are seen bound with yellow roping.

31.  On May 20, 2026, ROBERTS was arrested by the United States Marshals Service in violation of his federal probation.

32.  On May 20, 2026, Det. Cpl. Trimble conducted a post-Miranda Rights interview of ROBERTS. The following is a summary of portions of the interview:

a.  Det. Cpl. Trimble showed ROBERTS a photograph of the small metal box that the Item 25 Samsung EVO Select 1-terabyte microSD card was recovered from. After viewing the image, ROBERTS stated, "Yeah, I guess that's my stuff. That's been there for awhile." Det. Cpl. Trimble informed ROBERTS about the Samsung EVO Select 1-terabyte microSD card. ROBERTS stated, "I guess. I have a bunch of memory cards." ROBERTS later confirmed that his memory cards were not shared with anyone else.

b.  Det. Cpl. Trimble asked ROBERTS about the ASUS laptop computer that was in his bedroom. Det. Cpl. Trimble explained to ROBERTS that the laptop had some remnants of .torrent files containing names such as "littlegirl, loli, pedo." Det. Cpl. Trimble asked ROBERTS how those

10

.torrent files would have gotten on there. ROBERTS replied, "I never should have used BitTorrent. I never should have, um, there's too much unchecked and um... like, I never should have used it."

c.  ROBERTS then stated, "It's dumb reasoning, but I shouldn't have been using it anyways, so as soon as a file had finished, I would stop it, but I never should have been on it in the first place." ROBERTS then acknowledged that he understood that once a torrent file completely downloads, it continues "seeding" or uploading the material. ROBERTS clarified that he would stop the upload process once the files finished downloading.

d.  ROBERTS stated that he had struggled with being attracted to "it" for years, since the "initial thing" (a reference to his initial arrest). ROBERTS stated that he had aggravated general anxiety, and one of the false things that he would tell himself, was that he was not out hurting anyone and it was just like all of the other porn. ROBERTS stated that it would calm him down. ROBERTS stated non-illegal porn was otherwise usually his go-to.

e.  Det. Cpl. Trimble explained to ROBERTS that he downloaded torrents from ROBERTS' IP address on March 30th, May 4th, and May 11th. ROBERTS replied, "I believe that."

f.  Towards the end of the interview, ROBERTS stated, "I recognize that what I did was wrong, is not allowed, and thought I had enough of a handle on it to not be a concern, and obviously I do not, so I need to mentally and

11

emotionally take the steps and take all the help that can be given to correct this, because I can't be allowed to do this."

## CONCLUSION

Based upon the facts set forth above, I submit that probable cause exists to believe JESSE ADAM ROBERTS, has violated Title 18, United States Code, Section 2252A(a)(2). Title 18, United States Code, Section 2252A(a)(2) makes it a federal criminal offense to knowingly receive or distribute any child pornography or materials that contains child pornography that has been mailed or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

FURTHER YOUR AFFIANT SAYETH NOT.

Kristen Brewer
Special Agent
Homeland Security Investigations

This affidavit has been reviewed for legal sufficiency by Assistant United States Attorney Devon E.A. Heath.

Reviewed: 

Devon E.A. Heath
Assistant United States Attorney

Subscribed and sworn to before me this 17th day of July 2026, in the City of Norfolk, Virginia.

The Honorable Douglas E. Miller
UNITED STATES MAGISTRATE JUDGE

12